```
UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
HISHAM A. KHALEEL,                                          :
                                  Plaintiff,                :
                - against -                                 :    MEMORANDUM DECISION
                                                            :    AND ORDER
F.J.C. SECURITY SVC. INC.; MRS.                             :
ANTOINETTE PUMAJERO, the F.J.C.                             :    16 Civ. 4675 (BMC)(VMS)
Account Manager for P.M.G.; MR. GARY                        :
MERCER, the F.J.C. Director of Operation;                   :
MR. WILL RUIZ; MR. MORON ELLIOT                             :
of H.R.,                                                    :
                                  Defendants.               :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

*Pro se* plaintiff Hisham A. Khaleel, brings this action against his former employer, F.J.C. Security Services, Inc., ("F.J.C. Security") and individual employees of F.J.C. Security, alleging that he was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*[1]  Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order.  For the reasons set forth below, the complaint is dismissed and plaintiff is granted leave to amend his complaint within 20 days of the date of this Order.

---

[1] The Court notes that this is plaintiff's sixth employment discrimination complaint filed in this court and the second against F.J.C. Security. Plaintiff's first complaint against F.J.C. Security was based on the alleged failure to hire plaintiff.  See Khaleel v. F.J.C. Security Services, Inc., No. 10 Civ. 5030 (ARR) (dismissed August 6, 2012); see also Khaleel v. Swissport USA, Inc., No. 15 Civ. 4880 (JG) (dismissed September 10, 2015); Khaleel v. Sera Security LLC Inc., No. 14 Civ. 5718 (ARR); Khaleel v. Potter, No. 05 Civ. 1574 (ARR) (dismissed July 12, 2007); and Khaleel v. Swissport USA, Inc., No 03 Civ. 1469 (ARR) (dismissed November 17, 2006).

1

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiffs' *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must also assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678 (citations omitted). The plausibility standard does not impose an across-the-board, heightened fact pleading standard. Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

**BACKGROUND**

Plaintiff submits an employment discrimination form complaint in which he puts forth claims of sexual harassment, termination of employment, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment and retaliation. Plaintiff checks off every box on the form complaint to indicate the basis of the discrimination alleged, including race, color, gender/sex, religion, national origin, age and disability or perceived disability. In lieu of a statement of facts, plaintiff attaches a copy of the complaint he filed with the New York State Division of Human Rights.

**DISCUSSION**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Bell Atlantic Corp., 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted); Ricciuti v. New York City Transit Auth, 941 F.2d 119, 123 (2d Cir. 1991).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a); see also Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012).

The ADEA establishes that it is "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: (1) that he was within the protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination.  See Gorzynski v. Jet Blue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010) (citing Carlton v. Mystic Transp. Inc., 202 F.3d 129, 134 (2d Cir. 2000)).

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." Kinneary v. City of New York, 601 F.3d 151, 155–56 (2d Cir. 2010) (citation and internal quotation marks omitted); see also Adams v. Festival Fun Parks, LLC, 560 Fed.Appx. 47, 48–49 (2d Cir. 2014) (quoting McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013)) (outlining requirements for prima facie case under the ADA).  The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  Major life activities include standing, lifting, bending, speaking, and working.  Id. § 12102(2)(A).  Under the EEOC's regulations, "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum

extent permitted by the terms of the ADA' and 'is not meant to be a demanding standard.'" Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 69 n. 3 (2d Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(i)). As a result, "[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." Id. (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).

Even under the most liberal interpretation of plaintiff's complaint, along with his attached complaint filed with the New York State Division of Human Rights, he fails to make out a prima facie case of discrimination under any of the cited laws. He provides no facts that could possibly connect any adverse employment action to even one of his alleged protected statuses, let alone the seven he checked off on the form complaint. See Littlejohn v. City of NY, 795 F.3d. 297, 311 (2d Cir. 2015) ("The facts required by Iqbal to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); see also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015) ("a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

Furthermore, although plaintiff names individual employees of F.J.C. Security as defendants, Title VII, the ADA, and the ADEA do not permit the imposition of liability on individuals in their individual or representative capacities. Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014) (Title VII); Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. 2011) (ADEA); Castro v. City of New York, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (ADA). Therefore,

plaintiff cannot state a claim against defendants Mrs. Antoinette Pumajero, Mr. Gary Mercer, Mr. Will Ruiz, and Mr. Moron Elliot, and those defendants must be dismissed.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, he is granted 20 days leave from the date of this Order to file an amended complaint against F.J.C. Security only. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff's amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates and include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated against him in violation of Title VII, the ADEA and the ADA. Plaintiff should attach a copy of the charge he filed with the New York State Division of Human Rights, as he did with his original complaint. However, plaintiff cannot rely on exhibits or other documents to replace a statement of claim.

Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with this Order.

If plaintiff fails to comply with this Order within the time allowed, or does not correct the deficiencies discussed herein, judgment dismissing the action shall enter. No summons shall issue at this time and all further proceedings shall be stayed for 20 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore *in forma pauperis* status is denied for the purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                  U.S.D.J.

Dated: Brooklyn, New York
       August 25, 2016